BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

U.S. COURTS

APR 10 2019

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JAMES CORY KOYLE, Defendant. | Case No. CR 19-0128-S BLW **INDICTMENT** 18 U.S.C. § 2422(b) 18 U.S.C. § 2425 18 U.S.C. § 2428 18 U.S.C. § 2251(a) 18 U.S.C. § 2253 |

The Grand Jury charges:

### COUNT ONE

**Attempted Sexual Exploitation of Children**
**18 U.S.C. § 2251(a)**

On or about April 6, 2019, in the District of Idaho, the defendant, JAMES CORY KOYLE, did unlawfully and knowingly attempt to employ, use, persuade, induce, entice, and

INDICTMENT - 1

coerce a person he believed to be a minor to engage in sexually explicit conduct, for the purpose of producing visual depictions of such conduct, knowing and having reason to know that the visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2251(a).

## COUNT TWO

### Attempted Coercion and Enticement
### 18 U.S.C. § 2422(b)

On or about April 6, 2019, in the District of Idaho, the defendant, JAMES CORY KOYLE, using the internet, a facility and means of interstate and foreign commerce, did knowingly attempt to persuade, induce, entice and coerce a person he believed to be a minor to engage in sexual activity for which any person can be charged with a criminal offense, to wit: Idaho Code § 18-1508, in violation of Title 18, United States Code, Section 2422(b).

## COUNT THREE

### Attempted Use of Interstate Facilities to Transmit Information About a Minor
### 18 U.S.C. § 2425

On or about April 6, 2019, in the District of Idaho, the defendant, JAMES CORY KOYLE, using the internet, a facility and means of interstate and foreign commerce, did knowingly attempt to initiate the transmission of the name, address, telephone number, social security number and electronic mail address of another individual, knowing that such individual had not attained the age of 16 years of age, with the intent to entice, encourage, offer, and solicit any person to engage in sexual activity for which any person can be charged with a criminal offense, to wit: Idaho Code § 18-1508, in violation of Title 18, United States Code, Section 2425.

**INDICTMENT - 2**

## CRIMINAL FORFEITURE ALLEGATION

**Criminal Forfeiture**
**18 U.S.C. § 2253**
**Transport for Illegal Sexual Activity Forfeiture**
**18 U.S.C § 2428**

Upon conviction of the offenses alleged in Counts One, Two and Three of this Indictment, the defendant, JAMES CORY KOYLE, shall forfeit to the United States his interest in (1) any visual depiction described in 18 U.S.C. § 2252A, and any matter, which contains any such visual depiction, which was produced, transported, mailed, shipped, or received, or attempted to be produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2252A; (2) any property, real or personal, used or intended to be used to commit or to facilitate the commission of the foregoing offense; and (3) any property, real or personal, that constitutes or is derived from proceeds traceable to such offense; and FURTHER as described in 18 U.S.C. § 2428 the defendant shall forfeit to the United States such person's interest in – any property, real or personal, used or intended to be used to commit or to facilitate the commission of such offense; any property, real or personal, constituting or derived from proceeds traceable to such offense.

The property to be forfeited includes, but is not limited to, the following:

1. <u>Seized Property.</u>

    a. A LG cellular phone, IMSI number 311480419626754.

2. <u>Substitute Assets.</u> Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a. Cannot be located upon the exercise of due diligence;

**INDICTMENT - 3**

    b.    Has been transferred or sold to, or deposited with, a third person;

    c.    Has been placed beyond the jurisdiction of the court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 10th day of April, 2019.

A TRUE BILL

*/s/ [signature on reverse]*

_____
FOREPERSON

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____
JUSTIN D. WHATCOTT
Assistant United States Attorney

INDICTMENT - 4