UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMES KOYLE,

Defendant.

Case No. 1:19-cr-00128-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court is Defendant James Koyle's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). Dkt. 27. The Government opposes the motion. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

Mr. Koyle pleaded guilty to attempted coercion and enticement. PSR ¶ 6, Dkt. 19. In November 2019, the Court sentenced him to incarceration for 120 months, to be followed by five years' supervised release. Judgement, Dkt. 22. As of the issuance of this Order, Mr. Koyle has served roughly five years of his 10-year sentence. His projected release date is October 14, 2026. *See* https://www.bop.gov/inmateloc/ (last visited June 12, 2024).

Mr. Koyle is forty-five years old and is incarcerated at Springfield MCFP. In May 2023, Mr. Koyle asked the Warden to consider reducing his sentence based on his health problems. That request was denied and, in July 2023, Mr. Koyle filed this Motion for Sentence Reduction (Dkt. 27) arguing that there are "extraordinary and compelling" reasons to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).

## LEGAL STANDARD

Mr. Koyle seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), which provides one narrow exception – commonly referred to as compassionate release – to the general rule that courts cannot modify sentences of imprisonment. To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id.* If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that such reasons exist to justify compassionate release. *See United States v. Greenhut*, Case No. 2:18-CR-00048-CAS–1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v.*

*Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998)).

## ANALYSIS

Mr. Koyle has exhausted his administrative remedies and his motion is properly before the Court. However, Mr. Koyle has failed to show that any "extraordinary and compelling reasons" justify compassionate release. Further, based on the § 3553(a) factors, no sentence reduction is warranted. Mr. Koyle has not shown how a sentence reduction is justified considering the nature and circumstances of the offense or his history and characteristics. Nor has he explained how a sentence reduction would adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A).

### A.   Mr. Koyle's circumstances are not extraordinary or compelling reasons to grant him early release.

Mr. Koyle suffers from various health conditions, but none constitute extraordinary or compelling reasons for early release. He reports having type two diabetes, hypertension, and complete deafness in his left ear. But it is clear from the record that the Court accounted for these health conditions at the time of sentencing. At sentencing, Mr. Koyle also suffered from kidney complications due to underdeveloped kidneys, however, the extent of this issue at sentencing is unclear. Mr. Koyle now suffers from stage five kidney disease, also known as end-

stage renal failure.

The United States Sentencing Guidelines (USSG) provide policy statements to guide the Court. However, they are not binding, and the Court has discretion in applying them. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Section 1B1.13 of the Guidelines provides that a medical circumstance is extraordinary and compelling when a defendant is suffering from: a terminal illness including end-stage organ disease, or a serious physical or medical condition or deteriorating health condition that substantially diminishes their ability to provide self-care.

While stage five renal failure is a serious health condition, it is not always an extraordinary and compelling reason for early release. Several factors weigh against such a finding in this case. First, Mr. Koyle has been receiving medical care from the Bureau of Prisons (BOP) since he arrived in custody. In 2021, he began receiving dialysis for his kidney disease. *See United States v. Jameel*, Case No. 2:13cr098 (RCY), 2021 WL 1784626, at *5 (E.D. Va. May 5, 2021) (denying compassionate release to a defendant suffering end-stage renal failure, because there was "no indication that these serious medical conditions are not being properly addressed and treated with the BOP"). There is no indication that Mr. Koyle is not responding well to the treatments being provided by the BOP.

Second, although Mr. Koyle reports having "stage five kidney disease,"

which is end-stage by definition, his trajectory is unclear on this record. *See United States v. Goode*, No. 14 CR 810-07 (CM), 2020 WL 58272 at *6 (S.D.N.Y. Jan. 6, 2020) ("[W]hile it is true that Goode has what can be described as a 'terminal illness' in the sense that her kidney disease is unlikely to be fully cured, her disease is treatable, she is responding well to that treatment, and she does not have an 'end of life trajectory.'"). In sum, although Mr. Koyle does not need to provide a specific prognosis for life expectancy, the Court lacks any basis on which to determine how his kidney disease may impact his life in BOP custody and after his release.

While some courts have granted compassionate release to defendants who suffer from end-stage renal failure, most if not all those instances occurred during the height of the COVID-19 pandemic and were based on concerns for inmates who were immunocompromised. *See United States v. Cotinola*, 487 F. Supp.3d 1132, 1137 (D.N.M. 2020); *United States v. Saucedo*, Case No. 10-30010, 2021 WL 3264410, at *5 (C.D. Ill. July 30, 2021); *United States v. Holloway*, Case No. 5:09-cr-30, 2021 WL 4710819, at *3 (W.D. Va. Oct. 8, 2021). Mr. Koyle does not claim nor does the record suggest that COVID-19 poses a specific risk to his health.

Mr. Koyle also argues that the BOP is refusing to "find a donor kidney."

*Attach. to Mot. for Compassionate Release* at 5, Dkt. 27-2. But beyond making that bare assertion, Mr. Koyle has not submitted any supportive materials or analysis. Consequently, the Court is left with many important but unanswered questions, including: whether Mr. Koyle has sought permission from the BOP to obtain a kidney transplant; whether he has identified a kidney donor; and whether he is even eligible to receive a kidney transplant. Without more information, the Court cannot conclude that Mr. Koyle's continued incarceration would have a negative impact on the management of his kidney disease that rises to the level of extraordinary and compelling circumstances justifying early release.

Finally, Mr. Koyle claims that some of his family members need "extra care" and that he is the only person available to provide this care. *Id.* Again, he provides no support for this assertion, such as who needs care or why they need care. Ultimately, Mr. Koyle has not shown that extraordinary or compelling reasons justify early release.

**B. The § 3553(a) factors do not support early release.**

Even if the Court finds that Mr. Koyle's circumstances are extraordinary and compelling, the § 3553(a) factors do not warrant compassionate release. In short, Mr. Koyle has failed to demonstrate how his early release adequately addresses the nature and circumstances of the offense or his own history and characteristics. Nor

has Mr. Koyle adequately explained how compassionate release would reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A).

**1. The nature and circumstances of the offense do not support a sentence reduction.**

Mr. Koyle's offense is particularly egregious. He contacted an undercover officer (UC) posing to be a fifteen-year-old boy via Grindr (a social networking app). PSR ¶ 10. Mr. Koyle exchanged messages with the UC requesting photographs of genitalia, oral sex, mutual masturbation and sex. He also offered to provide the minor with marijuana. Mr. Koyle was going to be travelling with a friend to meet the minor and instructed the minor to lie and tell the friend he was twenty years old. Upon arrest, Mr. Koyle admitted that he intended to meet and engage in sexual activities with the fifteen-year-old boy.

The nature and circumstances of Mr. Koyle's offense speak for themselves. His willingness to travel to meet a minor for sexual conduct and to provide a minor with drugs are deeply concerning. As reflected by the statutory minimum sentence applicable to crimes of this sort, a lengthy term of incarceration is warranted.

**2. Mr. Koyle's history and characteristics do not support a sentence reduction.**

There are no mitigating circumstances in Mr. Koyle's history and

characteristics that weigh in favor of early release. Mr. Koyle had a fairly normal childhood with no reports of abuse or traumatic events, and he remains close with his family. PSR ¶ 36. Although he falls into the lowest criminal history category, he admitted upon his arrest that he previously had sexual relations with a minor. Nothing in Mr. Koyle's history or characteristics supports early release.

### 3. None of the other § 3553(a) factors support a sentence reduction.

Mr. Koyle has not shown how a sentence reduction comports with the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or provide him with needed correctional treatment. 18 U.S.C. § 3553(a)(A)-(D). Mr. Koyle has failed to show why his original sentence is longer than necessary to achieve these goals. On the contrary, Mr. Koyle's actions demonstrate that he poses a threat to children in the community and early release would not reflect the seriousness of his offense. Releasing Mr. Koyle close to two and a half years early would not provide just punishment or promote respect for the law.

Under these circumstances, the Court will deny Defendant's motion for sentence reduction.

## ORDER

**IT IS ORDERED** that Defendant James Koyle's Motion for Sentence

Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Dkt. 27) is **DENIED**.

DATED: June 17, 2024

B. Lynn Winmill
U.S. District Court Judge